UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERNICE L. CRUTCHER, | ) | Case No.: 1: 16 CV 1803 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| COURT PSYCHIATRIC CLINIC, *et al.*, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

A Complaint for "Reckless Endangerment" and "Injury and Loss to Person" was filed in this matter by *Pro se* Plaintiff Vernice L. Crutcher (Plaintiff) and her legal guardian Charles D. Newton against Defendants Court Psychiatric Clinic and the City of Cleveland Law Department. (Doc. No. 1.)

Although the allegations in the Complaint are unclear and difficult to discern, the Plaintiff contends the Defendants are liable to her for improperly failing to identify or prosecute convicted serial killer Anthony E. Sowell as the perpetrator of an attack on her in 2006. She alleges she was physically and sexually assaulted by Sowell in an abandoned house on Kinsman Avenue in 2006 and that evidence linked Sowell to the attack.

The Plaintiff takes issue with the 2011 decision of the Cuyahoga County Municipal Prosecutor not to prosecute Sowell in her case, and instead hold her case in abeyance pending a DNA match in the CODIS system. (*See id.*, ¶20.) This is apparently the basis for her claims against

the City of Cleveland Law Department. In addition, the Plaintiff takes issue with the actuarial instrument used by the Cuyahoga County Psychiatric Clinic in 2005 to evaluate Sowell for sexual re-offending. She contends the Psychiatric Clinic used an outdated "Static-99" to evaluate Sowell, instead of the "Static-2002," and she contends that if the Clinic had used the proper evaluation, proper notice could have been issued to the community about Sowell and further attacks by him, including his attack on her, could have been prevented. (*Id.*, ¶43.)

The Plaintiff contends the Defendants' "reckless actions" have caused her pain and suffering and loss of property. (*Id.* ¶49.) She seeks compensatory damages "above the jurisdictional minimum" against the Defendants, and declaratory relief pertaining to non-parties (including a declaratory judgment that the Cuyahoga County Coroner's Office permit her to confirm her ownership of jewelry taken from her by Sowell and that the Municipal Prosecutor forward her case to the grand jury for appropriate charges and formal indictment). (*Id.* ¶¶51-55.)[1]

The City of Cleveland Law Department and the Court Psychiatric Clinic have both moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and for failure to state a claim on which relief may be granted. (Doc. Nos. 6, 7.) The Plaintiff has filed a motion for leave to file an amended complaint (Doc. No. 8); a motion to file a "supplemental" pleading (Doc. No 10); and a motion for summary judgment (Doc. No. 13).

For the reasons stated below, the Defendants' motions to dismiss are granted because the Court lacks subject-matter jurisdiction, the Plaintiff's motions are denied, and this action is

---

[1] The Plaintiff and Charles Newton have filed two previous similar actions in this District against City and County defendants and officials based on these allegations, and both prior actions were *sua sponte* dismissed for lack of subject matter jurisdiction. *See Charles D. Newton v. City of Cleveland, et al*;., Case No. 1: 14 CV 1313 (Nugent, J.); *Charles D. Newton, et al. v. Anthony Sowell, et al*., Case No. 1: 13 CV 948 (Polster, J.).

dismissed.

## Discussion

Federal courts are courts of limited jurisdiction. Unlike state trial courts, federal courts do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). The Constitution and Congress have given federal courts authority to hear cases pursuant to the basic statutory grants contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). A plaintiff may invoke federal-question jurisdiction under §1331 when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.* Federal subject-matter jurisdiction may be invoked under § 1332 when the plaintiff presents a claim that is between parties of completely diverse citizenship and the amount in controversy exceeds $75,000. *Id*.

If a district court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Further, the plaintiff bears the burden of demonstrating federal subject-matter jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

The Plaintiff contends federal subject-matter jurisdiction exists in this case on the basis of 28 U.S.C. §1331. (*See* Doc. No. 1 at ¶2.) However, the Complaint references no federal law whatsoever, and no federal question can reasonably be discerned from its allegations. Instead, the only claims that are plausibly asserted on the face of the Plaintiff's pleading are for "reckless endangerment, injury and loss as defined by Ohio law." (*See id.*, ¶1.) Accordingly, there is no plausible basis for an exercise of federal subject-matter jurisdiction in this case on the basis of a

federal question under §1331. There is also no basis for an exercise of diversity jurisdiction under §1332, as the Plaintiff indicates in her pleading that she is an Ohio resident suing Ohio defendants. (*See id.*, ¶3.)

Accordingly, even assuming that the Plaintiff's allegations are sufficient to allege some plausible claim or claims against the Defendants under Ohio law, this Court lacks federal subject-matter jurisdiction over the Plaintiff's alleged claims and must dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1).

In an effort to survive the dismissal of her action for lack of federal subject-matter jurisdiction, the Plaintiff has filed a motion for leave to file an amended complaint, in which she asserts she is "adjust[ing]" her claims as claims for "Damages, Injunctive and Declaratory Relief"; to "clarify" that her federal question arises under Megan's Law; and to assert that her claims are brought against the Cuyahoga Court of Common Pleas, rather than the Cuyahoga County Psychiatric Clinic. (*See* Doc. No. 8. at 1-2.)

Although the Federal Rules of Civil Procedure provide that leave to amend a complaint shall be freely given within the discretion of the trial court when justice so requires, a motion to amend a complaint is properly denied if granting the motion would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962). The Court finds Plaintiff's arguments are futile to demonstrate that she has asserted a plausible federal cause of action over which this Court has subject-matter jurisdiction. The federal "Megan's Law" to which the Plaintiff refers in her motion mandates that the states adopt registration and community-notification provisions governing sex offenders or face the loss of federal crime-control funds. *State of Ohio v. Bodyke, et al.*, 2010-Ohio-2424, at ¶6 (2010). That law does not create a private civil federal cause of action. Nor has Plaintiff shown why she should be allowed

to sue a court or why any of her other arguments demonstrate that she has alleged a colorable cause of action arising under federal law in this case.

## Conclusion

Accordingly, the Defendants' motions to dismiss this case for lack of federal subject-matter jurisdiction is granted. Plaintiff's motion to amend her complaint is denied because the proposed amendment would be futile, and the Plaintiff's remaining motions are denied as moot.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 26, 2016